IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXONHIT THERAPEUTICS S.A., a French societe anonyme, and EXONHIT THERAPEUTICS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JIVAN BIOLOGICS, INC., a Delaware corporation,<br><br>    Defendant. | No. C 07-01427 WHA<br><br>**ORDER DENYING MOTION TO SEAL** |

    Plaintiff's administrative motion to file documents under seal is **DENIED**. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a substantially higher standard than "good cause." Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify. *If the courtroom would not be closed for the information, nor should any summary judgment proceedings, which are, in effect, a substitute for trial.*

Neither plaintiff nor defendant have given a "compelling reason" for any of the documents to be filed under seal. In addition, a party may not meet their burden by simply designating a document as confidential. Such circumstances would confer upon the parties the power to seal any document it so chooses. For the foregoing reasons, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 12, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE