IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EXONHIT THERAPEUTICS S.A.,
a French societe anonyme, and
EXONHIT THERAPEUTICS, INC., a
Delaware corporation,

        Plaintiff,

  v.

JIVAN BIOLOGICS, INC., a Delaware
corporation,

        Defendant.
                      /

No. C 07-01427 WHA

**ORDER GRANTING MOTION TO STAY**

      The Court has received the parties' prolonged submissions regarding plaintiff's renewed motion to stay pending ex parte reexamination of U.S. Patent No. 6,881,571. The decision to stay a case pending resolution of a reexamination at the USPTO is within the discretion of a district court. *See Viskase Corp. v. American National Can Vo.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). It has been the undersigned's normal practice to deny such motions. This case, however, presents extraordinary circumstances.

      Defendant Jivan Bioligics, Inc., is a start-up company with two full-time employees. According to Jivan's estimates, the maximum potential recoverable damages in this case is $23,005 (with prejudgment interest). Although this damage figure may be contested, it does tend to shed light on the magnitude of a finding of infringement. During claim construction briefing in January 2008, Jivan indicated that it no longer had funds to continue this litigation and that it wished to stipulate to plaintiff's proposed constructions. At the claim construction

1  hearing, Jivan's counsel further stated that it was no longer being paid for its services and that
2  Jivan wished to stipulate to infringement. Counsel was warned that it had a duty to continue its
3  representation in good faith despite not receiving fees. The Court also informed counsel that
4  any motion to withdraw as counsel would be disfavored. Following the claim construction
5  hearing, Jivan filed a stipulation of infringement with respect to a certain portion of its products.
6  Trial was then set for June 2008, but due to a scheduling conflict was later moved to September
7  2008. The parties continued settlement discussions in front of Magistrate Judge Joseph Spero
8  and a settlement in principle was reached on February 5, 2008. The parties, however, were
9  unable to finalize the terms of the settlement in principle in writing.

10  Shortly thereafter, Jivan filed its reexamination application. Plaintiff then filed a motion
11  for summary judgment and after Jivan's application for reexamination was accepted, the current
12  motion to stay was filed. Jivan has since informed the Court that it no longer sells any
13  infringing products in the United States. While plaintiff does point out that Jivan could again
14  begin selling infringement sales, they have not presented any evidence to refute Jivan's
15  assertion that it currently does not infringe in the United States. Due to lack of funds, Jivan has
16  also been unable to hire an expert to support its non-infringement and invalidity contentions.

17  In light of this case's unusual posture, defendant's motion to stay is **GRANTED**.
18  Although trial is set to begin in four months and fact discovery has closed, it seems as if this
19  case would be more efficiently resolved if a stay were entered. The parties should file a status
20  report on **OCTOBER 15, 2008**, updating the Court as to the status of the reexamination
21  proceeding.

22  **IT IS SO ORDERED.**

24  Dated: June 9, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE