**United States District Court**
For the Northern District of California

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXONHIT THERAPEUTICS S.A., a French Societe Anonyme, and EXONHIT THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIVAN BIOLOGICS, INC., a Delaware corporation,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 07-01427 WHA<br><br>**REQUEST TO USPTO RE PENDING REEXAMINATION** |

　　　　On March 12, 2007, plaintiff filed a complaint in this action alleging infringement of U.S. Patent No. 6,881,571 ("the '571 patent"). The action has been stayed pending reexamination of the '571 patent for almost a year.

　　　　Defendant filed its first request for *ex parte* reexamination of the '571 patent on January 31, 2008, which was rejected by the United States Patent and Trademark Office for failure to comply with procedural rules. Defendants then filed a revised request for *ex parte* reexamination on March 17, 2008, and the USPTO granted this request on May 1, 2008, under control number 90/009,017.

　　　　On March 7, 2008, the Court issued its claim construction order in this action. Fact discovery closed on March 31, 2008, and a motion for summary judgment regarding infringement was briefed in April and May of 2008 but has not been heard. On May 22, 2008,

1  defendant moved to stay this action pending reexamination of the '571 patent, and on June 9,
2  2008, the Court granted the stay pending resolution of the reexamination at the USPTO.

    Plaintiff notified the USPTO of the stay in this action and requested that the reexamination be expedited but never received a response. On August 8, 2008, defendant submitted a second request for *ex parte* reexamination with control number 90/009,249, which was accorded a filing date of September 9, 2008.

    The Court has received several status reports from the parties stating that no action has been taken on the merits in the reexamination proceedings. According to the latest status report, the USPTO has not issued an Office Action in connection with the two requests for *ex parte* reexamination. Although the Court has stayed the litigation in this action, the Court has an interest in having this case efficiently resolved. *At the request of the parties, the Court in turn requests that the USPTO promptly take action in the reexamination of the '571 patent and be mindful of the impact of its delay on the pending litigation.*

    Plaintiff shall send this request to the USPTO within three days. If the USPTO fails to promptly move on the pending reexamination, the Court will entertain a motion to lift the stay.

**IT IS SO ORDERED.**

Dated: February 26, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE