IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXONHIT THERAPEUTICS S.A., a French société anonyme, and EXONHIT THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JIVAN BIOLOGICS, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | No. C 07-01427 WHA<br><br>**ORDER TO SHOW CAUSE** |

On December 10, 2009, the parties appeared before the undersigned following a sixteen-month stay while the patent-in-suit, U.S. Patent No. 6,881,571, underwent reexamination by the USPTO. The stay was lifted on December 1, 2009, in response to a motion filed by plaintiffs that the USPTO had mailed a "Notice of Intent to Issue Ex Parte Reexamination Certificate" upholding the validity of all twenty-two claims of their asserted patent (Dkt. Nos. 155, 158). In their motion, plaintiffs mentioned, but did not discuss the significance of, two amendments they had made to claims 1 and 12 of the asserted patent during reexamination.

Upon further investigation of these amendments after our recent case management conference, it is clear that one of these amendments was made in direct response to a non-final

disclosure statement by the USPTO informing plaintiff that all 22 claims of the asserted patent were being *rejected* for anticipation and/or obviousness in light of the prior art. Plaintiff then amended claim 1 of the patent and provided additional information to the USPTO to overcome the grounds for rejection.

The purpose of reexamination is to permit a patentee or other interested person to obtain review and, if necessary, correction of the claims that resulted from the initial examination of the patent. *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Unless a claim granted or confirmed upon reexamination by the USPTO is identical to an original claim, *the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate*. *Ibid.* (emphasis added). Identical does not mean verbatim; rather, it means without substantive change. Thus, if the patentee makes substantive changes in the claims during reexamination, there is an irrebuttable presumption that the original claims were materially flawed, and those who may have infringed the original claims are shielded from liability during the period before the claims are validated. *Id.* at 1249-50.

The Court is of the view that (1) the USPTO, upon reexamination of plaintiffs' patent, determined that claim 1 and its dependent claims were anticipated by the prior art, (2) that the amendment made to claim 1 by the patent holder was meant to cure these anticipation defects, and (3) that, when looking at the nature of the amendment, this is compelling proof that the changes to the claims were substantive. In other words, it appears that the complaint in this action rested upon a patent that was, and still is, materially flawed and unenforceable.

In this light, the parties are hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed. The dismissal would be without prejudice to the plaintiffs to re-file their complaint once the reexamination certificate for their new patent – as amended – is issued.

Plaintiffs must file a response to this order by **NOON ON THURSDAY, DECEMBER 17, 2009**, explaining why the foregoing points and authorities are incorrect, and why the case should not be dismissed immediately. Defendant must then file a response by **NOON ON MONDAY, DECEMBER 21, 2009**. The Court will then rule on the papers without a hearing.

2

The parties should also be aware that any proposed schedule regarding additional discovery will not be considered or approved until this issue is resolved.

**IT IS SO ORDERED.**

Dated: December 10, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE