IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXONHIT THERAPEUTICS S.A., a French société anonyme, and EXONHIT THERAPEUTICS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>JIVAN BIOLOGICS, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS<br>_____/ | No. C 07-01427 WHA<br><br>**REJECTION OF STIPULATION AND CONSENT TO ENTRY OF JUDGMENT** |

      The parties are free to settle and dismiss their case or stipulate to an injunction. The parties are *not*, however, entitled to obtain a court order stating that there has been an "adjudication on the merits" when no such thing has occurred. The Court will not sign on to a document that states in the stipulation part (and thus implies in the judgment part) that "all claims of the '571 patent are valid and enforceable" and that the PTO reexamination "did not substantively change the claims of the '571 patent." *The Court has made no such findings*. To proceed otherwise would allow the patent owner to represent to other accused third parties down the road that a court had found the patent valid and that the reexamination did not render the patent unenforceable against infringing activity prior to reexamination. As such, the Court will not approve the proposed stipulation and consent to entry of judgment in its current form.

The Court, however, would be willing to sign the document so long as paragraph 4 of the judgment portion was amended as follows:

> 4. This is a final judgment. No appeals shall be taken from this judgment, and the parties waive all rights to appeal. This is not an adjudication on the merits by the Court. The Court has not accepted (or rejected) any of the stipulated items set forth above. Nonetheless, based upon the above stipulation, the Court will enforce the stipulated judgment as between the litigating parties.

Additionally, in paragraph 1 of the judgment portion, the phrase "all persons in active concert or participation with Jivan" is too vague and problematic. How can unidentified non-parties be bound by this stipulation? This phrase should be removed.

The parties have until **NOON ON MARCH 1, 2010,** to submit a revised stipulation and consent to judgment that addresses these problems. If this deadline is not met, the Court will proceed to decide the pending motion.

**IT IS SO ORDERED.**

Dated: February 24, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE